UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELVIN MOORE, 03B1033,

                           Petitioner,

                      DECISION AND ORDER
      -v-                                         08-CV-6390CJS(P)

JAMES T. CONWAY, WARDEN,
ATTICA CORRECTIONAL FACILITY,

                           Respondent.

---

## INTRODUCTION

Petitioner is seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Now before the Court are two motions by Petitioner: 1) a motion [#7] to stay the petition to permit him to exhaust, in state court, a claim of ineffective assistance of appellate counsel; and 2) a motion [#16] for an extension of time to file a reply/traverse and for permission to file a memorandum of law not to exceed forty-five pages. For the reasons that follow, the motion for a stay is denied as moot, and the motion for an extension of time and for permission to file a forty-five-page brief is granted. Additionally, Petitioner is directed to show cause as to why certain claims should not be dismissed as untimely and/or unexhausted.

## BACKGROUND

On August 28, 2008, Petitioner filed the subject action pursuant to 28 U.S.C. § 2254, attacking his convictions in Monroe County Court. The habeas petition did not list "ineffective assistance of counsel" as one of the grounds raised. On November 19, 2008, Petitioner filed a motion [#7] to stay the proceeding, in order to allow him to exhaust an additional claim. Specifically, Petitioner indicated that he had filed a motion for writ of error

coram nobis with the New York State Supreme Court, Appellate Division Fourth Department, claiming ineffective assistance of appellate counsel. Petitioner indicated that it was his intention to have such claim "be addressed in a Federal Petition." However, Petitioner did not specifically indicate an intention to amend his petition to assert such a claim, nor did he request leave to do so.

Respondent opposed the motion for a stay, arguing that Petitioner had not shown good cause for the stay, and that the proposed new claim lacked merit. With regard to merit, Respondent indicated, *inter alia*, that the proposed claim for ineffective assistance of appellate counsel would be time-barred under the relevant one-year statute of limitations. *See*, 28 U.S.C. § 2244(d)(1).[1]

On February 19, 2009, Petitioner filed a motion [#16] for an extension of time to file and serve a reply/traverse to Respondent's answer to the Petition. Petitioner further requested permission to file a reply/traverse brief "not to exceed 45 pages in length." Respondent did not oppose this application.

On March 17, 2009, Petitioner filed a reply/traverse [#17][#18] to Respondent's answer. The supporting memorandum of law [#17] contains arguments concerning ineffective assistance of trial counsel, even though, as previously mentioned, the Petition in this action contains no claim for ineffective assistance of counsel, by trial counsel or appellate counsel.

DISCUSSION

At the outset, Petitioner's motion [#7] to stay is now moot, since he already exhausted his claim concerning ineffective assistance of appellate counsel. In that regard,

---

[1]Respondent apparently concedes that the original petition was timely.

it appears that the Appellate Division, Fourth Department, denied Petitioner's motion for error coram nobis on December 31, 2008, and that the Court of Appeals denied leave to appeal on April 10, 2009. However, liberally construing Petitioner's motion, the Court will treat it as a motion to amend the petition to include a claim of ineffective assistance of appellate counsel. Although, since the claim was raised for the first time on November 19, 2008, it may be untimely. Accordingly, Petitioner must explain whether the claim is timely under 28 U.S.C. § 2244(d), and if not, whether the proposed amendment relates back to the filing of the original petition on August 28, 2008, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See, Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005).

As for Petitioner's unopposed motion[#16] for additional time to file a reply/traverse, and for permission to file a forty-five page brief, the Court will grant the application *nunc pro tunc*. Additionally, the Court liberally construes Petitioner's reply brief as including a motion to amend the petition to include a claim of ineffective assistance of trial counsel. However, since the claim was raised for the first time on March 17, 2009, it may also be untimely. Moreover, it does not appear that Petitioner exhausted the claim in state court. Consequently, Petitioner must explain whether the claim is timely under 28 U.S.C. § 2244(d), and if not, whether the proposed amendment relates back to the filing of the original petition on August 28, 2008, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Additionally, Petitioner must explain whether he exhausted the claim in state court.

CONCLUSION

Petitioner's motion to stay [#7] is denied as moot, and Petitioner's motion [#16] for an extension of time to file a traverse/reply, and for permission to file a forty-five page brief,

is granted *nunc pro tunc*. Additionally, Petitioner is ordered to show cause, in writing, on or before **December 11, 2009**, the following: 1) Whether the proposed claims for ineffective assistance of trial and appellate counsel are timely under 28 U.S.C. § 2244(d), and if not, whether they relate back to the filing of the original petition under FRCP 15(c); and 2) whether the claim for ineffective assistance of trail counsel was exhausted in state court.

SO ORDERED.

Dated:     November 10, 2009
           Rochester, New York

                                        /s/ Charles J. Siragusa
                                         CHARLES J. SIRAGUSA
                                        United States District Judge